# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ED'JUAN SCOTT,

    Plaintiff,

  vs.

CHARLES HOEN, III, et al.,

    Defendants.

No. 2:16-cv-0462-MCE-CMK-P

FINDINGS AND RECOMMENDATION

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint[1] (Doc. 11).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

---

[1] This case was transferred to this court by the Northern District after the filing of plaintiff's first amended complaint. Other than determining plaintiff is incarcerated within the venue of this court, no screening has been completed.

1

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). See, e.g., Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. See id. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dept. Of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)).

Upon review of the complaint and the court's docket, it appears this action is identical to another case plaintiff filed in this court, Scott v. CDCR, 2:15-cv-0578-DB. In both cases, plaintiff alleges he is receiving involuntary shock treatment, apparently ordered by his defense attorneys and the Contra Costa Superior Court, and is seeking to terminate such treatment. The undersigned notes that plaintiff has been given leave to file an amended complaint in his other case, 2:15-cv-0578-DB. As in his other case, there are significant flaws in his amended complaint. However, these defects can be addressed by plaintiff in any amended complaint he files in his other active case. Either way, plaintiff cannot maintain two separate

actions involving the same subject matter.  Thus, the undersigned finds that this action should be dismissed as duplicative of Scott v. CDCR, 2:15-cv-0578-DB.

Based on the foregoing, the undersigned recommends that this action be dismissed as duplicative of Scott v. CDCR, 2:15-cv-0578-DB and the pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE